Whalen, P.J., and Peradotto, J.
(dissenting). We respectfully dissent in part. Unlike the majority, we cannot conclude that the elevation differential here was de minimis and that plaintiff is thus deprived of the protection of Labor Law § 240 (1). Plaintiff sustained an injury when a section of iron sewer pipe that he was engaged to cut and replace broke loose, fell, and struck him in the shoulder. Defendants submitted evidence that the section of pipe that fell was five to seven feet long and weighed between 60 and 80 pounds. In our view, plaintiff’s “activity clearly posed a significant risk to [his] safety due to *1459 the position of the heavy [pipe] above [his head], even if such elevation differential was slight, and [it] was thus a task where a . . . securing device of the kind enumerated in the statute was . . . necessary and expected” (Cardenas v One State St., LLC, 68 AD3d 436, 437 [2009]; see Zimmer v Town of Lancaster Indus. Dev. Agency, 125 AD3d 1315, 1316 [2015]). Indeed, it is undisputed that, earlier in the project, plaintiff had used such a securing device, i.e., straps, to protect himself from the risk of a pipe falling and striking him. The evidence was thus sufficient to establish as a matter of law that “plaintiff’s injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). We would therefore modify the order by denying that part of defendants’ motion seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and reinstating that cause of action.
We join the majority, however, in affirming that part of the order denying plaintiff’s cross motion seeking partial summary judgment on Labor Law § 240 (1) liability, inasmuch as defendants submitted evidence that the straps that had previously been used on the project remained available at the jobsite and that plaintiff did not use them to secure the pipe that fell and struck him. That evidence raised triable issues of fact whether plaintiff’s conduct was the sole proximate cause of the accident (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]; Fazekas v Time Warner Cable, Inc., 132 AD3d 1401, 1403-1404 [2015]).
Present—Whalen, P.J., Peradotto, NeMoyer, Curran and Troutman, JJ.